UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID ANTHONY SIMMONS,

    Plaintiff,

    v.      CAUSE NO.: 3:25-CV-58-TLS-AZ

RON HEEG, et al.,

    Defendants.

**OPINION AND ORDER**

David Anthony Simmons, a prisoner without a lawyer, filed an amended complaint about conditions at the LaPorte County Jail. ECF No. 6. More specifically, he complains about the cleanliness of his cell and the showers, overcrowding, and food quality. He also complains that he was not selected for an inmate worker job.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As a pretrial detainee, Simmons is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation,

bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)).

Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison County*, 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Furthermore, a condition must, objectively, rise to a certain level before the Fourteenth Amendment is implicated. *See Hardeman*, 933 F.3d at 823–24. An objectively serious condition under the Fourteenth Amendment requires sufficient "severity and duration" to rise to the level of a constitutional concern. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir.

Feb. 5, 2025) (unpublished decision). A "trivial" injury is insufficient to show cognizable harm for a claim under 42 U.S.C. § 1983. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020). "An injury is necessary for a constitutional tort under § 1983." *Bolden v. Mezo*, No. 22-1571, 2023 WL 4488861, at *2 (7th Cir. July 12, 2023); *see also Walker v. Leibert*, 844 F. App'x 920, 922 (7th Cir. 2021) ("[T]o the extent Walker seeks damages based on the risk of what *could have* happened to him as a result, that risk is not actionable under § 1983 without actual injury." (emphasis in original)).

1.   *Cleanliness of Cells and Showers*

Simmons alleges that his housing unit at the LaPorte County Jail is not sufficiently clean because it is only cleaned one time per day. He alleges that Sgt. Hilderbent does not adequately clean the showers, leaving black mold on the showers and the curtains. Simmons has asked Captain Hanha and Sgt. Hilderbent to replace the curtains, but they have not been replaced. He reports that this has caused him headaches and stomach aches.

Simmons' suggestion that the Constitution requires that his housing unit be cleaned more than once a day is patently frivolous. Simmons does not have a constitutional right to daily cleaning of his unit, or to daily access to cleaning supplies.

Furthermore, he has not plausibly alleged that the condition of the showers or shower curtains caused his injury in order to state a claim under 42 U.S.C. § 1983. While black mold can cause a reaction, "[c]ommon symptoms include sneezing, coughing, congestion and eye irritation." https://my.clevelandclinic.org/health/diseases/24862-black-mold (last visited Mar. 18, 2025). Black mold does not usually cause serious illness, but it can aggravate symptoms in those with asthma. *Id.* Because the link between mold and Simmons' symptoms of stomach aches and headaches is not obvious, he must provide a plausible basis for his belief that the two are linked.

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

2. *Overcrowding*

Simmons alleges that there are three inmates housed in his cell, and it was designed to house two inmates. Therefore, he must sleep on the floor. Overcrowding, on its own, does not state a constitutional claim. *See Bell v. Wolfish*, 441 U.S. 520, 541 (1979) ("While confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time might raise serious questions under the Due Process Clause as to whether those conditions amounted to punishment, nothing even approaching such hardship is shown by this record."). Likewise, sleeping on a mat on the floor, rather than on an elevated bed, does not, by itself, constitute a constitutional violation. *See Tellis v. Gladieux*, No. 1:23-CV-268, 2024 WL 1331966, at *2 (N.D. Ind. Mar. 28, 2024) ("Sleeping on a mat on the floor, rather than on an elevated bed, does not, by itself, constitute a constitutional violation."); *Rodmaker v. Krienhop*, No. 4:14-CV-070, 2014 WL 3671016, at *2 (S.D. Ind. July 23, 2014) ("[S]leeping on the floor does not punish a detainee so long as jail officials provide a mattress.").

Simmons does not indicate how long he was required to sleep on the floor, or how long he was housed in a two-man cell with two other inmates. Neither does he allege facts that suggest sleeping on the floor posed particular problems for him. Therefore, these allegations do not state a claim.

3. *Food Quality*

Simmons further alleges that he has been served food that is "half-done" and tastes of dish soap. He is entitled to nutritionally adequate and safe food, but he is not entitled to well-prepared food or food that is appetizing. *See Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017) ("Prisoners have a right to adequate food, but not to food that is tasty or even appetizing." (quoting *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004)); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) (explaining that "complaints about cold and poorly-prepared food" do not state an Eighth Amendment claim). Simmons did not provide any additional details, including how often the food was undercooked, which foods were undercooked, or whether the undercooked food posed a safety concern. He likewise does not indicate how often his food tasted like dish soap. Furthermore, it is unclear how the Defendants Simmons has named in this lawsuit are responsible for undercooked or poorly prepared foods. Therefore, Simmons may not proceed on these claims.

4. *Inmate Worker Selection*

Simmons also notes that Captain Hanha and Sgt. Hilderbent have not selected him to be an inmate worker. He mentions that there are only four or five black inmates out of twenty employed as inmate workers. He may be attempting to raise a challenge to the decision not to employ him as an inmate worker under the Equal Protection Clause, but his allegations are far too vague to state a claim.

5

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). To state such a claim, a prisoner must allege that the "defendants intentionally treated him differently because of his race . . . ethnicity, sex, religion, or other proscribed factor . . .." *Id*. at 719–20 (citing *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016)); *see also David K. v. Lane*, 839 F.2d 1265, 1271–72 (7th Cir. 1988) (collecting cases and noting discrimination must be intentional, purposeful, or have a discriminatory motive). Thus, Simmons must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group." *David K.*, 839 F.2d at 1271–72. Here, Simmons alleges that approximately twenty to twenty-five percent of the inmate workers are black, and he does not specifically allege or provide facts supporting a claim that he was passed over due to his race.

The amended complaint does not state a claim for which relief can be granted. If Simmons he can state a claim based on (and consistent with) the events described in this amended complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court hereby:

(1) GRANTS David Anthony Simmons until **April 21, 2025**, to file an amended complaint; and

(2) CAUTIONS David Anthony Simmons that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 19, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT